**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ELIAS FREIG IBARRA and MARTHA E. FREIG, husband and wife, ) | No. CV-09-049-TUC-CKJ |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| PROTECTIVE LIFE INSURANCE ) COMPANY, a corporation; ) INTERSTATE ASSURANCE ) COMPANY, a corporation; and ) GUILLERMO M. SAPIENS, an ) unmarried man d/b/a/ ) Sapiens Insurance Services ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiffs' Motion to Remand [Doc. #5]. Defendant Protective Life Insurance Company filed a Response in Opposition [Doc. #6]. In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

. . .

. . .

. . .

*Factual Background*

1

2      On January 22, 2009, this case was removed from Santa Cruz County Superior Court

3  by Defendant Protective Life Insurance Company, which is a Tennessee corporation with its

4  principal place of business in Alabama.  Plaintiffs are residents and citizens of the Republic

5  of Mexico.  Defendant Guillermo M. Sapiens is a citizen of Arizona.  It is undisputed that

6  complete diversity of citizenship exists amongst the parties.

7      This cause of action was originally filed on December 17, 2008 in Santa Cruz County

8  Superior Court for the State of Arizona.  On that same date, the process server received

9  copies of both the Summons and Complaint for service upon both Defendants Protective Life

10  Insurance Company and Guillermo Sapiens.  Defendant Sapiens is an insurance producer

11  residing in Green Valley, Arizona.  Defendant Protective Life was served via its statutory

12  agent on December 23, 2008.  The process server attempted service upon Defendant Sapiens

13  eleven (11) times at both his home and place of business beginning December 18, 2008.

14  Defendant Sapiens was successfully served on the twelfth attempt on January 23, 2009 at his

15  place of business.

16      On January 22, 2009, Defendant Protective Life removed the matter to this Court

17  based on diversity of citizenship.  28 U.S.C. § 1332; 28 U.S.C. § 1441(a).  On February 2,

18  2009, Plaintiffs filed their Motion for Remand citing the presence of Defendant Sapiens as

19  a forum defendant causing removal to be improper.  *See* 28 U.S.C. § 1441(b) (removal is

20  improper where one of the "defendants is a citizen of the State in which such action is

21  brought.").

22

23 *Analysis*

24      Federal courts are courts of limited jurisdiction.  U.S. Const. art. III.  As such, there

25  exists a "'strong presumption' against removal jurisdiction [which] means that the defendant

26  always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.* 980 F.2d

27  564, 566 (9th Cir. 1992) (citations omitted).  Further, the removal statute is to be strictly

28  construed against removal jurisdiction.  *Id.* (citations omitted).  Additionally, "[f]ederal

1  jurisdiction must be rejected if there is any doubt as to the right of removal in the first

2  instance." *Id.*

3        Section 1441, 28 U.S.C., delineates which actions are removable. "Except as

4  otherwise expressly provided by Act of Congress, any civil action brought in a State court

5  of which the district courts of the United States have original jurisdiction, may be removed

6  by the defendant or the defendants to the district court of the United States for the district and

7  division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A parties'

8  right to removal is further limited in cases where the district court's jurisdiction is founded

9  on diversity. 28 U.S.C. § 1441(b). Diversity actions are "removable only if none of the

10  parties in interest properly joined and served as defendants is a citizen of the State in which

11  such action is brought." 28 U.S.C. § 1441(b). This axiom is commonly referred to as the

12  "forum defendant rule."

13        Defendant Protective Life urges this Court to rely on the plain language of the statute

14  in support of its petition for removal. More specifically, it relies on the "joined and served"

15  language of § 1441(b), arguing that removal is proper because Defendant Sapiens had not

16  yet been served at the time of removal. The plain language is compelling, but "district courts

17  are split on the proper interpretation of the 'and served' language." *Standing v. Watson*

18  *Pharmaceuticals, Inc.*, 2009 WL 842211, *3 (C.D. Cal. Mar. 26, 2009). Furthermore, the

19  Ninth Circuit has yet to address this issue. *Id.* Other circuit courts "have provided little

20  guidance on the statutory interpretation of the 'properly joined and served' language of

21  section 1441(b), owing to the fact that the orders of district courts made pursuant to section

22  1441, generally are not reviewable." *Sullivan v. Novartis Pharmaceuticals Corp.*, 575

23  F.Supp.2d 640, 644 (D. N.J. 2008); *See also*, 28 U.S.C. § 1447(d). The Eighth Circuit Court

24  of Appeals has noted, however, "that allowing unserved defendants to be ignored for removal

25  purposes would create needless jurisdictional problems. Because simultaneous service upon

26  multiple defendants is unlikely to occur, removal could be proper one day when service of

27  certain defendants was completed, but improper the next day when all defendants have been

28  served." *Percherski v. General Motors Corp.*, 636 F.2d 1156, 1161 n.6 (8th Cir. 1981)

1 (relying on Ninth Circuit precedent to establish the "joined and served" language of §

2 1441(b) did not modify previous precedent requiring complete diversity of citizenship

3 regardless of service). The Ninth Circuit described the purpose of the forum defendant rule

4 stating, "Removal based on diversity jurisdiction is intended to protect out-of-state

5 defendants from possible prejudices in state court. . . . The need for such protection is absent,

6 however, in cases where the defendant is a citizen of the state in which the case is brought."

7 *Lively v. Wild Oats*, 946 F.3d 933, 940 (9th Cir. 2006). "Thus, the overarching purpose of

8 the forum defendant rule is to prevent certain cases properly brought in state court from

9 ending up in federal court." *Standing*, 2009 WL 842211, *3. In 1948, "Congress added the

10 'properly joined and served' requirement in order to prevent a plaintiff from blocking

11 removal by joining as a defendant a resident party against whom it does not intend to

12 proceed, and whom it does not even serve." *Sullivan*, 575 F.Supp.2d at 645. Apparently,

13 Congress added the language to combat the problem of "fraudulent joinder." *Id.* Prior to the

14 rule change, the United States Supreme Court held that non-service of a resident defendant

15 "does not justify removal by the non-resident defendant." *Pullman Co. v. Jenkins*, 305 U.S.

16 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). The Court went on to recognize that "the

17 non-resident defendant should not be permitted to seize an opportunity to remove the cause

18 before service upon the resident co-defendant is effected. It is always open to the non-

19 resident defendant to show that the resident defendant has not been joined in good faith and

20 for that reason should not be considered in determining the right to remove." *Id.* (citations

21 omitted). Courts continue to rely on *Pullman* by limiting removal where the fact of service,

22 or non-service, would defeat diversity. *See Preaseau v. Prudential Insurance Co. of*

23 *America*, 591 F.2d 74 (9th Cir. 1979).

24     As the *Sullivan* court noted "the fact that the legislative history is all but silent on the

25 issue [of the "joined and served" language] suggests that Congress did not intend to address

26 a novel concern or fundamentally change the nature of, or narrow the scope of the rule.

27 Indeed, the very lack of discussion in the legislative history strongly suggests that Congress

28 intended nothing more than to bolster the already existing efforts of lower federal courts to

1    prevent improper joinder." *Sullivan*, 575 F.Supp. 2d at 645.  Furthermore, where the purpose
2    of the statute is to prevent gamesmanship by plaintiffs, it is difficult to comprehend why it
3    should be allowed to promote gamesmanship by defendants. *See Standing*, 2009 WL 842211
4    at *4.

5        In the instant case, Plaintiffs aver that Defendant Sapiens was avoiding service of
6    process.  Defendant Protective Life refutes this allegation by providing an affidavit of
7    Defendant Sapiens which claims that he was ultimately served with the Summons and
8    Complaint at a location unrelated to his home or place of business.  Furthermore, Defendant
9    Sapiens claims that he was unaware of any of the service attempts that occurred at his home
10   and place of business, despite the fact that the lights were on and the blinds were open at his
11   home on at least one service attempt.  Defendant Sapiens further claims that he learned about
12   the lawsuit from his ex-wife on or about January 27, 2009.  Defendant Sapiens does not
13   explain, however, how his ex-wife knew about the lawsuit before him.

14       Defendant Protective Life correctly asserts that the subsequent joinder of a resident
15   defendant post-removal does not divest the district court of jurisdiction; however, it is
16   apparent from the face of the Complaint that Defendant Sapiens is a resident defendant, and
17   whom none of the parties suggest is fraudulently joined.  *See Harris v. Bankers Life and*
18   *Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (holding "notice of removability under §
19   1446(b) is determined through examination of the four corners of the applicable
20   pleadings[.]").  "[T]o allow a resident defendant to remove a case before a plaintiff even has
21   a chance to serve him would provide a vehicle for defendants to manipulate the operation of
22   the removal statutes.  Allowing either party to do that would be against what the courts have
23   long understood to be Congress's intent." *Vivas v. The Boeing Co.*, 486 F.Supp.2d 726, 734
24   (N.D. Ill. 2007).  Moreover, "[w]hen the meaning [of a statute] has led to absurd or futile
25   results, . . . this Court has looked beyond the words to the purpose of the act.  Frequently,
26   even when the plain meaning did not produce absurd results but merely an unreasonable one
27   'plainly at variance with the policy of the legislation as a whole' this Court has followed that
28

1  purpose, rather than the literal words." *Standing*, 2009 WL 842211 at \*4 (quoting *U.S. v.*

2  *Am. Trucking Ass'ns*, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940)).

3     This Court finds that the policy against removal generally, and in favor of allowing

4  plaintiffs to choose their forum, make remand to the Arizona state court proper.  Defendant

5  Protective Life was on notice from the face of Plaintiffs' Complaint that a non-fraudulently

6  joined resident defendant was named in the lawsuit.  Furthermore, Defendant Sapiens's

7  statement that he did not avoid service is weak.  If there is any doubt about the propriety of

8  removal, defendants bear the burden of demonstrating that it is proper.  Defendants have

9  failed to meet that burden.

10     Accordingly, IT IS HEREBY ORDERED:

11     1.  This case is REMANDED to Santa Cruz County Superior Court (Cause # CV-

12  08774);

13     2.  The Clerk of the Court shall mail a certified copy of this Order to the Clerk of

14  the Santa Cruz County Superior Court; and

15     3.  The Clerk of the Court shall then close its file in this matter.

16

17     DATED this 11th day of June, 2009.

18

19             _____

               Cindy K. Jorgenson

20                 United States District Judge